UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RICHARD TOMMY WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:19-cv-00143-JMS-DLP |
| ) | |
| V. SMITH, J. SPEARS, J. VANSANT, ) | |
| PULHOFF, BALLARD, ) | |
| ) | |
| Defendants. ) | |

## BRIEF IN SUPPORT OF MOTION TO DISMISS

Plaintiff Richard Tommy Williams filed his Complaint in this case on March 26, 2019—over two years after the alleged February 12, 2017 incident out of which all of his excessive force claims arise. ECF No. 1 at 1–2. All of those claims are therefore barred by Indiana's two-year statute of limitations on personal injury actions. Accordingly, the Court should dismiss this case.

### RELEVANT FACTUAL & PROCEDURAL BACKGROUND

Mr. Williams, who is currently incarcerated at the Federal Correctional Institution in Oxford, Wisconsin (FCI – Oxford), filed a Complaint against several named and unnamed defendants, alleging in pertinent part that on February 12, 2017, when he was incarcerated at the Federal Correctional Complex in Terre Haute, Indiana (FCC – Terre Haute), they used excessive force against him. ECF No. 1 at 2–3. Mr. Williams signed his Complaint on March 20, 2019, and it was filed on March 26, 2019. ECF No. 1 at 5.

The Court screened the Complaint and permitted claims for excessive force to proceed under the theory of individual liability recognized in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971) against five defendants: Vernon Smith, Jessie Spears, Jason Van Sant, David Puthoff, and Joseph Ballard. ECF No. 7 at 4.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a case for "failure to state a claim upon which relief can be granted[.]" Fed. R. Civ. P. 12(b)(6). Such a dismissal is appropriate when the face of the complaint clearly shows that the plaintiff's claims are "indisputably time-barred." *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005); *see also Rosado v. Gonzalez*, 832 F.3d 714, 718 (7th Cir. 2016) *and Khan v. United States*, 808 F.3d 1169, 1172 (7th Cir. 2015) (both affirming district court's dismissal of time-barred suit); *O'Gorman v. City of Chi.*, 777 F.3d 885, 889 (7th Cir. 2015) ("[I]f a plaintiff alleges facts sufficient to establish a statute of limitations defense, the district court may dismiss the complaint on that ground."). This Court has not hesitated to enter such dismissals in appropriate cases. *See, e.g.*, *Butler v. George*, No. 2:15-cv-00088-JMS, 2015 WL 4756477, at *3 (S.D. Ind. Aug. 10, 2015) (dismissing case because the plaintiff "pled facts that show that his *Bivens* claim is barred by the two-year statute of limitations"); *Nino v. Haynes Int'l, Inc.*, No. 1:05-cv-0602-JDT-TAB, 2005 WL 4889258 at *6 (S.D. Ind. Aug. 19, 2005) (granting defendant's motion to dismiss time-barred case under Rule 12(b)(6)).

**ARGUMENT**

A *Bivens* "claim accrues when the plaintiff knows both the existence and the cause of his injury." *Kelly v. City of Chicago*, 4 F.3d 509, 511 (7th Cir. 1993). Here, all of Mr. Williams's claims against the Defendants arise out of the alleged February 12, 2017 incident at FCC – Terre Haute. ECF Nos. 1 at 1–2; 7 at 3–4. Accordingly, those claims accrued—at the very latest—on February 12, 2017.

In a *Bivens* action, the court imports the statute of limitations for personal injury actions in the state where the incident occurred. *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910,

913 (7th Cir. 2000). All of Mr. Williams's claims against the Defendants arise out of an incident that allegedly occurred in Indiana, so Indiana's two-year statute of limitations for personal injury claims applies to them. *See id.*; Ind. Code § 34-11-2-4. Mr. Williams therefore had two years from February 12, 2017—until February 12, 2019—to file those claims in court. But he did not even sign his Complaint[1] until March 20, 2019—almost five weeks after the statute of limitations had run. ECF No. 1 at 1. His claims are now time-barred.

## CONCLUSION

The Court should dismiss this case.

Respectfully submitted,

JOSH J. MINKLER
United States Attorney

By:   *s/ Lara Langeneckert*
Lara Langeneckert
Assistant United States Attorney

Office of the United States Attorney
Southern District of Indiana
10 West Market Street, Suite 2100
Indianapolis, IN 46204-3048
Telephone: (317) 226-6333

---

[1] A pro se prisoner's Complaint is deemed filed on the date he places it into the prison mail system. *Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015). For the purpose of this Motion, the Defendants assume without conceding that Mr. Williams placed his Complaint in the prison mail system on the same day he signed it: March 20, 2019. ECF No. 1 at 5. Of course, given that the Court received the Complaint on March 25, 2019, ECF No. 1-2 at 1, Mr. Williams may have mailed it a couple of days later.

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 7, 2019, a copy of the foregoing was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

I further certify that on October 7, 2019, a copy of the foregoing was mailed, by first-class U.S. Mail, postage prepaid and properly addressed to the following:

Richard Tommy Williams, No. 15284-030
Oxford Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Oxford, WI  53952


*s/ Lara Langeneckert*
Lara Langeneckert
Assistant United States Attorney


Office of the United States Attorney
Southern District of Indiana
10 West Market, Suite 2100
Indianapolis, IN 46204
Telephone: (317) 226-6333